## THE BOLIVIA.[1]

### ADAMS *et al.* v. THE BOLIVIA.

### SIPILA *v.* SAME.

*(District Court, E. D. New York. April 25, 1890.)*

COLLISION—STEAM AND SAIL—FOG-HORN.

When collision occurred in a dense fog between a steamer and a schooner, and the proof showed that the steamer was navigating cautiously; that the schooner was seen as soon as it was possible that she could be seen, when it was too late to avoid collision, and her signals were not heard before she was seen; and that the schooner was using an ordinary fog-horn, not the mechanical horn provided for by statute,—it was *held*, that the schooner's failure to comply with the statute was the cause of the collision, and her libel against the steamer was therefore dismissed.

In Admiralty. Actions to recover damages caused by collision.
*Owen, Gray & Sturges,* for the libelants, Adams and Sipila.
*Wing, Shoudy & Putnam,* for the Bolivia.

BENEDICT, J. These actions are to recover damages caused by the sinking of the schooner Eva I. Smith by the steamship Bolivia. The accident occurred on the open sea in a dense fog. The proof shows that all possible precaution was taken on board the steamer to hear any fog signal that might be blown from another vessel. No fog signal was heard from this schooner until she was seen, then close at hand, on a course crossing the steamer's bow, sailing free. The steamer at once ported to go under the schooner's stern, and reversed her engines; but the vessels came violently in contact, and the schooner shortly sunk. The witnesses from the schooner say that they heard the fog-whistle of the steamer, and blew their own fog-horn; that the steamer was known to be approaching, but could not be seen until right upon them. The fog-horn blown by the schooner was an ordinary tin horn. No mechanical horn, as required by the statute, was used by the schooner; nor did she have any such horn on board. On the part of the schooner the contention is, first, that

---

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

the failure of the steamer to hear the schooner's horn was want of a sufficient lookout. But the proofs from the steamer have convinced me that the steamer was not in fault in the matter of lookout. The next contention is that the steamer was going at an unlawful rate of speed. I do not see how it can be held that this collision was caused by the speed of the steamer. The fog was dense. The proof is clear that the schooner was seen as soon as it was possible to see her, and was not heard before she was seen. When she was seen the distance then intervening between the two vessels was so short that it would have been impossible for the steamer to avoid the schooner even had the speed of the steamer been much less than it was. But going as the steamer was, and able to do what she did when the schooner was seen, renders it quite clear that, if the presence of the schooner had been known somewhat sooner than it was, the steamer would have avoided the schooner. For some reason the schooner could not, by the horn she blew, make her presence known until she was seen by the steamer. Had she been able to make her presence known somewhat sooner, there would have been no collision. The presumption is that a mechanical horn would have accomplished what the tin horn used failed to do. The schooner did not use a mechanical horn to make herself heard, but a horn blown by the mouth. In so doing she violated the law, and this failure to comply with the law must be held to be a fault conducing to the collision that ensued. *The Pennsylvania,* 19 Wall. 135, 136. That this omission was the sole cause of the collision seems to me proved by the testimony.

The libels must be dismissed, and with costs.